ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAYENLI GARCIA,                                                                           14-CV-3717 (MKB) (LB)

                      Plaintiff,

                                                                                                                  AMENDED
            -against-                                                                                           COMPLAINT AND
                                                                                                       JURY DEMAND

THE CITY OF NEW YORK and LIEUTENANT
TERRANCE McCALL,

                                Defendants.
-------------------------------------------------------------------X

       Plaintiff, MAYENLI GARCIA, by and through her attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

       1.     This is an action for the wrongful acts of defendants THE CITY OF NEW YORK and LIEUTENANT TERRANCE McCALL, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

       2.     Plaintiff, MAYENLI GARCIA, alleges that beginning on or about May 12, 2014, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional distress, and causing physical injury to Plaintiff and negligence in the hiring and retaining of incompetent and unfit officers and employees, negligence in the training and instruction, and

supervision of its officers, sergeants, detectives and lieutenants and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff MAYENLI GARCIA, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, defendant LIEUTENANT TERRANCE McCALL was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, LIEUTENANT TERRANCE McCALL was assigned to the 79th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his

individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendant LIEUTENANT TERRENCE McCALL

12. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff MAYENLI GARCIA.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff MAYENLI GARCIA.

## FACTUAL BACKGROUND

15. At all times relevant to this action, Plaintiff MAYENLI GARCIA resided at Harry's

House, 977 Bedford Avenue, Brooklyn, New York 11205 ("Harry's House"), an adult shelter for women.

16. On or about May 12, 2014, at 12:30 p.m., Plaintiff MAYENLI GARCIA was located in the cafeteria of Harry's House.

17. On or about May 12, 2014, at 12:30 p.m., Plaintiff MAYENLI GARCIA was sitting alone.

18. On or about May 12, 2014, at 12:30 p.m., Plaintiff was crying because she was unable to be with her children on Mothers Day, which was the previous day.

19. That Ms. Robinson, an employee at Harry's House called 911 and stated that the Plaintiff was in need of medical assistance.

20. On or about May 12, 2014, at 1:00 p.m., Emergency Medical Technicians arrived at Harry's House and entered the cafeteria.

21. On or about May 12, 2014, at 1:00 p.m., Defendant LIEUTENANT TERRENCE McCALL arrived at Harry's House and entered the cafeteria with other Police Officers.

22. That the Emergency Medical Technician requested that the Plaintiff go with them to Woodhull Medical and Mental Health Center.

23. That Plaintiff advised Defendant LIEUTENANT TERRENCE McCALL that she was not in need of medical or mental health services.

24. That Plaintiff advised Defendant LIEUTENANT TERRENCE McCALL that she was upset that she was not with her children on Mother's day.

25. That Defendant Police Officer LIEUTENANT TERRENCE McCALL advised the Plaintiff that she would have to go to Woodhull Medical and Mental Health Center.

26. Plaintiff then stated that she wanted to put her mobile phone away in a safe place

before going to a hospital, stood up and began to exit the cafeteria.

27. Plaintiff did not possess a weapon of any kind at the time that she stood up and began to exit the cafeteria.

28. Plaintiff did not make any threats to herself or third-parties at the time that she stood up and began to exit the cafeteria.

29. Without warning, Defendant Police Officer LIEUTENANT TERRENCE McCALL fired a barb from a Taser stun gun into the Plaintiff's left gluteal.

30. Upon being delivered several thousands of volts of electrical current into her body, the Plaintiff fell to the floor hitting her head and back.

31. Thereafter, LIEUTENANT TERRENCE McCALL fired a second barb from the Taser stun gun into the Plaintiff's left gluteal.

32. Once the electrical current from the Taser stun gun ceased, Plaintiff was handcuffed and delivered to the custody of the Emergency Medical Technicians from the New York City Fire Department.

33. That Plaintiff was then taken by the Defendants to Woodhull Medical and Mental Health Center.

34. Plaintiff was released from Woodhull Medical and Mental Health Center the same day.

35. Plaintiff was never charged with a criminal act in connection with this May 12, 2014 incident.

36. As a direct and proximate result of the action of the Defendants THE CITY OF NEW YORK and LIEUTENANT TERRENCE McCALL, Plaintiff was physically assaulted resulting in injuries to left gluteal region, back pain, cervical strain, hip pain, muscle spasms, severe emotional

distress and lost wages.

37. As a direct and proximate result of the actions of THE CITY OF NEW YORK and Defendant LIEUTENANT TERRENCE McCALL, Plaintiff was falsely arrested without justification, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be handcuffed and severely assaulted.

38. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of her liberty, physical assault and batter, and continues to suffer physical and emotional pain and injury, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

39. As a direct and proximate result of defendant's actions, Plaintiff was handcuffed and detained without just cause.

40. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of her rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution.

41. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

42. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain,

thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

43. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE
(Defendant LIEUTENANT TERRENCE McCALL)

44. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-43 of this complaint, as though fully set forth therein.

45. On May 12, 2014 at approximately 1:00 p.m., at Harry's House, Defendant LIEUTENANT TERRENCE McCALL, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of Plaintiff such that Plaintiff was injured.

46. That the Defendants, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff.

47. By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

48. The acts and conduct of Defendant LIEUTENANT TERRENCE McCALL, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(Defendant LIEUTENANT TERRENCE McCALL)

49.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-48 of this complaint as though fully set forth therein.

50.     The actions of defendant LIEUTENANT TERRENCE McCALL, members of the New York City Police Department, and under the color of state law, deprived plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, and the intentional and/or negligent infliction of emotional distress.

51.     By these actions, the individual Defendants have deprived Plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

52.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

53.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-52 of this complaint and though fully set forth therein.

54.     At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto

policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

55. These policies, practices and customs include, inter alia, the use of excessive force in subduing the public and in making arrests.

56. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its lieutenants, detectives, sergeants, officers and other employees, including the defendants and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other employees, thereby permitting and allowing the defendants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff MAYENLI GARCIA, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

57. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of

supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

58. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individual employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

59. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-58 deprived plaintiff MAYENLI GARCIA of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

60. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-59 deprived plaintiff MAYENLI GARCIA of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

61.     By these actions, defendant CITY OF NEW YORK has deprived plaintiff MAYENLI GARCIA of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

62.     As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

## FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

63.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-62 of this complaint and though fully set forth therein.

64.     Defendants CITY OF NEW YORK and LIEUTENANT TERRENCE McCALL, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff MAYENLI GARCIA , denying her free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

65.     The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of plaintiff MAYENLI GARCIA's constitutional rights including the right to due process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYENLI GARCIA requests the following relief jointly and severally as against all of the Defendants:

1.      Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
October 14, 2014

/S/
ALEXANDER M. DUDELSON, ESQ.
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

To: **Via ECF**

Aimee Lulich, Esq.
New York City Law Department